SEVA P. HICKOX, Appellant, *v.* JOHN THURSTIN, Respondent.

(GENERAL TERM, THIRD DEPARTMENT, MAY, 1872.)

In an action of trespass for damage done by cattle, with a claim for taking the cattle from plaintiff's possession after he had them in custody, as permitted by chapter 489, Laws of 1862—*Held,* error to charge that the jury might allow as damages (if they found for the plaintiff), besides the injury to crops, &c., fifty cents per head for the animals retaken.

The statute allows the sum provided for therein as compensation for the taking and also for pursuing the remedy under it.

The right to the penalty is not complete until sale of the cattle.

Accordingly it was error to assume that the plaintiff would have proceeded and the defendant would have appeared, &c.

THIS was an action brought before a justice of the peace of the town of Stockbridge, in Madison county, to recover for damage sustained by the plaintiff by reason of the defendant's cattle having entered upon his land and destroyed his corn

and wheat, and caused other damage. Also by reason of the defendant's unlawful entry upon plaintiff's land, and seizure of the cattle, and taking them by force from the plaintiff, after they had been, as the plaintiff claimed, arrested while thus trespassing and were in his custody, pursuant to chapter 459 of the Laws of the State, passed in 1862, as amended by chapter 814 of the Laws of 1867, and by chapter 424 of the Laws of 1869. The case was tried before the court and a jury. No proceedings had been instituted at this time under the law in question; and the proof showed that the defendant took the cattle from the plaintiff's pasture, plaintiff forbidding him to do so, and declaring that he intended to advertise them. At this time the defendant offered to pay the damage which his cattle had done.

The justice charged the jury, among other things, " that if they found from the evidence that defendant's animals had been found trespassing on the lands or crops of the plaintiff, and were thereupon seized and taken into custody by the plaintiff, and were taken from the plaintiff's custody by the defendant by force and without plaintiff's consent, they might allow to the plaintiff as damages, besides the injury to the land and crops, the sum of fifty cents for each of the said animals ; that being the sum allowed by law to the plaintiff for seizing and taking the same into his custody."

A verdict was rendered in favor of the plaintiff for seven dollars and ninety-two cents damages. Judgment was entered. . The defendant appealed to the County Court of Madison county, and that court reversed the judgment of the Justice's Court, upon the ground that the justice erred in his charge to the jury, and judgment was perfected accordingly; from which judgment the plaintiff appeals to this court.

The case was submitted upon printed points.

*John E. Smith,* for the appellant.

*Shoecraft & Brown,* for the respondent.

Present—MILLER, P. J., POTTER and PARKER, JJ.

MILLER, P. J.   The justice was clearly wrong in charging the jury that they might allow the plaintiff as damages, besides the injury to the land and crops, the sum of fifty cents for each of the animals; that being the sum allowed by law to the plaintiff for seizing and taking the same into custody.   The plaintiff claims that, inasmuch as the cattle were trespassing on his lands, he had a right to seize them; and as soon as he did so, he had a vested interest to the amount stated in the charge, which could not be defeated by the act of the defendant in taking the cattle from plaintiff's custody. This claim is founded upon the provisions of chapter 459 of the Laws of 1862, as amended by chapter 814 of Laws of 1867.

Under the second section of the act as amended, any person has the right to seize and take into custody, and retain until disposed of as required by law, any animal which may be trespassing upon premises owned or occupied by him. The third section requires that, when a seizure has been made, it shall be the duty of the person who has seized the animal to make a complaint, and contains specific provisions for the issuing of a summons, its service, hearing of complaint, and a decision ; and the justice is authorized to adjudge the costs of the proceedings, and, in addition, is required to allow the party or officer making the seizure, among other sums, for every cow, calf or other cattle, each fifty cents, together with the actual damages sustained by the party by reason of the trespass, &c.   The sum named cannot be collected until after a sale of the animals out of the proceeds of which the money may be realized.   The fourth section of the act provides that any owner of any animal which shall have been seized may, at any time before the justice shall proceed to the hearing, demand and shall be entitled to the possession of the animal, upon the payment of the sums required to be paid, &c. ; and if the owner shall not have appeared on the return day, and shall excuse such non-appearance, and shall make such demand, at least three days before the time appointed for the sale, he "shall be entitled to the custody and possession of

such animal, upon paying one-half of the several sums above stated," &c.

If we assume that the plaintiff was justified in seizing the property, there are several serious objections to a recovery of the fifty cents a head for the cows in this action :

First. The plaintiff only became entitled to the fifty cents by a judgment of the court after a complaint had been made to the justice. Until a complaint was made, there was no lawful proceeding under the statute, and no power to adjudge that the plaintiff was entitled to the sum named. If the plaintiff had chosen to abandon his claim under the statute, and had made no complaint, then, of course, no such amount could be recovered in that form, and I think he was not entitled to it in a distinct action. The statute means that he shall be entitled to the sum provided, when and after he has acted under its provisions, as a compensation and indemnity for the seizure, and, no doubt, for the trouble incurred by seeking a remedy in this manner. Until this was done, he had no right to the amount, and had not performed the act required to entitle him to any specified amount.

Second. The plaintiff could not obtain the money until after a sale of the animals; and, until a sale was had, his right to it was not perfect and complete. As this was indispensable before the plaintiff could receive the money, it is difficult to see how a recovery can be had by an action until a sale. It is no answer to say that the damages could be recovered without a sale, and, therefore, the fifty cents for each of the animals was also recoverable because the latter sum could only be recovered by virtue of and in pursuance of the statute.

Third. As the owner, in case he did not appear, had a right to excuse his default to the justice, and, if he did so satisfactorily, to demand the cattle three days before a sale, and was entitled to the same upon the payment of twenty-five cents for each one, it cannot be claimed, I think, that fifty cents was due the plaintiff for each one of them. To entitle him to such an amount, we must not only assume

that the plaintiff could have instituted proceedings under the statute, but that the defendant would have appeared in the proceedings before the justice; or, if the defendant did not appear, that he would not have excused his non-appearance, as he had a right to do under the statute, so as to entitle him to the possession of the animals upon the payment of the smaller instead of the larger sum, and have paid the same. The amount recognized by the charge of the justice depends upon what might or would have been done in case the defendant had not taken possession of the animals. This is hypothetical, and rests upon mere conjecture. It is not enough that the plaintiff had a right to institute the proceeding, and was prevented from doing so by the act of the defendant; and it is not to be presumed, for this reason, that everything was done by the plaintiff that was necessary.

In actions of this character, the damages to be recovered must be the legal and natural consequence of the act complained of. This must be proximate and direct, and not so remote and contingent as to rest upon mere speculation. This rule was violated by the charge, and the recovery cannot be sustained. The judgment of the County Court was right and must be affirmed with costs.

Judgment affirmed.